**IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| JOHN BEAM, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: _____ |
| ) | |
| vs. ) | |
| ) | |
| DOLGENCORP, LLC, ) | STATE COURT CAUSE NO.: |
| ) | CAUSE NO. 09D02-2008-CT-000020 |
| Defendant. ) | |

**NOTICE OF REMOVAL**

Defendant, Dolgencorp, LLC (hereinafter "Defendant Dolgencorp"), by and through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and states the following in support of it:

1. On or about August 3, 2020, the Plaintiff filed a Complaint for Damages in the Cass County (Indiana) Superior Court, styled *John Beam v. Dolgencorp, LLC*, Cause No. 09D02-2008-CT-000020, in which he asserts a personal-injury claim resulting from his alleged slip-and-fall on January 28, 2019 at a Dollar General store located at 415 S. California St., Galveston, Cass County, Indiana. Pursuant to 28 U.S.C. § 1446(a), copies of the Plaintiff's Complaint and Summons are attached as **Exhibit A** to this Notice of Removal. Defendant Dolgencorp has also attached a copy of the State Court docket sheet as **Exhibit B**.

2. The Plaintiff alleges that "[a]s a direct and proximate result of the Defendant's negligence, Plaintiff has sustained severe and permanent injuries; has incurred hospital, medical and prescription expenses; has suffered physical and emotional pain; has missed opportunities to enjoy life; and will continue to incur such losses."

3. Defendant Dolgencorp received a copy of the summons and complaint no earlier than August 7, 2020. On September 29, 2020, Defendant Dolgencorp timely filed its Answer, Affirmative Defenses, and Request for Jury Trial with the Cass Superior Court Clerk, which it attaches as **Exhibit C** to this notice with any and all other pleadings, filings, and orders of record to date in the state-court proceedings.

4. The Plaintiff, John Beam, is domiciled in, and a citizen of, the State of Indiana. The Plaintiff asserts in his Complaint for Damages that at all relevant times, he was "a resident of the City of Kokomo, County of Howard, State of Indiana." Moreover, Defendant Dolgencorp's investigation has demonstrated that the Plaintiff's social-security number was issued in Indiana, he has lived in various locations in and around Howard County, Indiana for at least the last thirty-five years, and has litigated civil, criminal, and domestic actions in Indiana courts as both a Plaintiff/Petitioner and as a Defendant. Furthermore, Defendant Dolgencorp propounded Requests for Admission on the Plaintiff in the state-court action, attached as **Exhibit D**, one of which asked the Plaintiff to "[a]dmit that the State of Indiana is the state of residence and domicile of John Beam[,]" and which the Plaintiff expressly admitted on October 7, 2020.

5. Defendant Dolgencorp is, and at the time the Complaint was filed, was, a single-member, manager-managed Kentucky limited-liability company and is a wholly-owned subsidiary of Dollar General Corporation, which is both incorporated and has its principal place of business in the State of Tennessee. Defendant Dolgencorp is thus a citizen of the State of Tennessee.

6. Since the Plaintiff and Defendant Dolgencorp are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

7. Although the Plaintiff's Complaint did not allege any specific amount or range in damages – and instead requested only "judgment against the Defendant in an amount which will reasonably and fairly compensate him for all the losses and damages he has incurred to date and will incur in the future," – based on the nature of the claim and the allegations in the Plaintiff's Complaint, Defendant Dolgencorp reasonably believes that the amount in controversy exceeds $75,000.00. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801, *1 (N.D. Ind. 2013); *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). Moreover, Defendant Dolgencorp propounded Requests for Admission on the Plaintiff in the state-court action, attached as **Exhibit D**, one of which asked the Plaintiff to "[a]dmit that the amount in controversy in this litigation, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00)[,]" and which the Plaintiff expressly admitted on October 7, 2020. As such, Defendant Dolgencorp reasonably believes that the amount in controversy exceeds $75,000.00.

8. This Court therefore possesses original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. § 1332. This action may be removed pursuant to the provisions of 28 U.S.C. § 1441 and § 1446 because there is complete diversity of citizenship between the parties, and Defendant Dolgencorp reasonably believes that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

9. Pursuant to 28 U.S.C. § 1332, Defendant Dolgencorp's Notice of Removal is timely because it has been filed within thirty (30) days of Defendant Dolgencorp's receipt of a post-complaint pleading or other litigation paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013).

10. Defendant Dolgencorp has completed all necessary requirements to remove this action to federal court in accordance with the procedures outlined in 28 U.S.C. § 1446(c). Defendant has filed copies of all process and pleadings served on them in this action with its Notice of Removal. Moreover, upon receipt of an ECF Notice with respect to this filing, Defendant Dolgencorp will provide written notice of the Notice of Removal to all attorneys of record in the state-court proceedings and to the Clerk of the Cass County Superior Court.

11. In the event that the Plaintiff challenges this Notice of Removal and the Court's subject-matter jurisdiction, Defendant Dolgencorp reserves the right to file the appropriate affidavits and other proof with the Court to satisfy its burden of proof with respect to diversity jurisdiction. *See Buchanan v. McLee*, 2006 U.S. Dist. LEXIS 8533 (N.D. Ind. Feb. 10, 2006) (holding that the Court can require the defendant to file appropriate evidence or "competent proof" to support diversity jurisdiction upon its own volition or upon being challenged by the plaintiff).

**WHEREFORE**, for all the foregoing reasons, Defendant, Dolgencorp, LLC, respectfully requests that this Honorable Court accept removal pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446.

Respectfully submitted,

*/s/ Daniel J. Curtin*
Danny Merril Newman Jr., Esq., #33668-15
Daniel J. Curtin, Esq. #35814-45
**REMINGER CO., L.P.A.**
One Professional Center, Suite 202
2100 North Main Street
Crown Point, IN 46307
(219) 663-3011
(219) 663-1049 (fax)
dnewman@reminger.com
dcurtin@reminger.com
*Counsel for Defendant,*
*Dolgencorp, LLC*

## **CERTIFICATE OF SERVICE**

      I certify the on October 30, 2020, a true and complete copy of the above and foregoing was served in accordance with Fed. R. Civ. P. 5, pursuant to the district court's ECF system as the ECF filers, and was served by regular mail to non-ECF filers and parties who do not appear to be registered with the Court's ECF system.

Matthew M. Golitko, Esq.
Jared A. Harts, Esq.
Golitko & Daly, P.C.
317 W. Alto Rd.
Kokomo, IN 46902
matt@golitkodaly.com
jared@golitkodaly.com
*Counsel for Plaintiff*

                                              */s/ Daniel J. Curtin*_____
                                              Daniel J. Curtin (35814-45)
                                              Reminger Co., LPA